UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.

GLENDA WILLIAMS,

    Plaintiff,

v.

**JURY TRIAL DEMANDED**

VAPOR RISING, INC., a Florida corporation, and
JOSEPH JOHN SCHAFFER, an individual

    Defendants.

_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, GLENDA WILLIAMS, ("WILLIAMS"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants VAPOR RISING, INC., a Florida corporation, and JOSEPH JOHN SCHAFFER (hereinafter, "SCHAFFER") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), and to address the retaliatory discharge of Plaintiff in violation of the FLSA, 29 U.S.C. § 215.

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367. At all times pertinent to this Complaint, the corporate Defendant, VAPOR, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in

the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operated a chain of stores dedicated to the sale of electronic cigarette ("e-cigarette") and "vape" accessories. Plaintiff's work as a customer sales representative involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, as part of her daily job duties, the Plaintiff, as well as at least two other employees, handled vape pens, e-cigarettes, vape accessories, packing/mailing supplies, telephones, office supplies, that were manufactured outside the State of Florida.

4. During the relevant time period, Defendants employed two or more persons, besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). This included vape pens, e-cigarettes, vape accessories, packing/mailing supplies, telephones, office supplies, that were manufactured outside the State of Florida.

5. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (mail and telephone) on a regular and recurrent basis to, *inter alia,* take and process orders from Defendants' mail-order customers all over the United States, and to ship packages to their homes/businesses outside the State of Florida.

6. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida; and,

    b. Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

10. At all times material hereto, Plaintiff, WILLIAMS, was and continues to be a resident of Tampa, Hillsborough County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, corporate Defendant, VAPOR, was conducting business in Hillsborough County, Florida —the location where Plaintiff performed services for the Defendants. Plaintiff performed work, among other locations, at 12943 N. Florida Ave. Tampa, FL 33612.

12. At all times material, SCHAFFER was a resident of Hillsborough County, Florida, residing at 5316 Avenal Drive, Lutz, FL 33558.

13. At all times material hereto, Plaintiff, WILLIAMS, was an "employee" of the Defendants within the meaning of the FLSA.

14. At all times material hereto, Defendants were the employers of Plaintiff.

15. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

16. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, WILLIAMS her lawfully earned wages in conformance with the FLSA.

17. At all times material hereto, the corporate Defendant, VAPOR was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, the work performed by Plaintiff, WILLIAMS was directly essential to the business performed by the Defendants.

19. Plaintiff, WILLIAMS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

20. On or about September 5, 2017, Plaintiff, WILLIAMS began working at the Defendants' e-cigarette business as a customer sales representative. She was employed until about March 28, 2020 at which point the Defendants terminated Plaintiff for engaging in FLSA protected activity—namely, requesting *accurate* payroll records from the Defendants, and objecting to the fact that the Defendants were manufacturing fraudulent payroll records.

21. Specifically, the Plaintiff requested her payroll records so that she could provide th obtain a personal loan. The Defendants were agitated about having to hand over wages records regarding the Plaintiff's employment, and when they finally did produce payroll/wage

4

documents (which they were required to keep under the FLSA), they contained false information.

22. The Plaintiff told the Defendants that the records were false and objected to the Defendants' recordkeeping practices.

23. The Defendants accused the Plaintiff of trying to injure their business by virtue of Plaintiff requesting *accurate* wage records, and then promptly fired the Plaintiff.

24. During the time Plaintiff was employed by the Defendants, she was paid a day rate of $80 per day for an 8-hour day.    The Plaintiff frequently worked, on average, about 6 days per week.

25. During her employment, the Plaintiff worked, on average, about 56 hours per week.

26. While employed, VAPOR failed to pay the Plaintiff overtime wages.

27. Defendants knowingly operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

28. Throughout her employment with the Defendants, the Plaintiff complained that the Defendants failed to comply with the FLSA insofar as paying the Plaintiff overtime wages in compliance with federal law.

29. Defendant, SCHAFFER, was a supervisor and/or owner who was involved in the day-to-day operations of VAPOR and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations, described herein.

30. Defendant, SCHAFFER was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

31. The Defendants' termination of Plaintiff was due to the Plaintiff having engaged in an FLSA protected activity—namely, complaining about Defendants' failure to keep accurate wage/payroll records.

32. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

33. Plaintiff realleges Paragraphs 1 through 32 as if fully stated herein.

34. During Plaintiff's employment with Defendants, in addition to Plaintiff's regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

35. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

36. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

37. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff may be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this

case and, if necessary she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

38. Defendants knew of and/or showed a disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

42. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b. Awarding Plaintiff overtime compensation in the amount calculated;

    c. Awarding Plaintiff liquidated damages in the amount calculated;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding Plaintiff post-judgment interest; and

    f.      Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## RETALIATION IN VIOLATION OF 29 U.S.C. § 215

43. Plaintiff, WILLIAMS realleges Paragraphs 1 through 32 as if fully stated herein.

44. The Plaintiff, WILLIAMS engaged in statutorily protected activity when she complained to the Defendants about their failure to keep FLSA compliant records. The Plaintiff objected ot the fact that the Defendants were willfully falsifying their payroll records.

45. Pursuant to 29 U.S.C. § 215, Plaintiff, WILLIAMS was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

46. A causal link exists between the Defendants' decision to terminate WILLIAMS on or about March 28, 2020, and WILLIAMS engaging in activities protected by the FLSA.

47. Defendants' actions insofar as retaliating against and terminating the Plaintiff as set forth herein were not for legitimate, non-retaliatory reasons.

WHEREFORE, Plaintiff, WILLIAMS, respectfully requests that judgment be entered in her favor against the Defendants:

    a.      Declaring that Defendants retaliated against Plaintiff, WILLIAMS, asserting and engaging in activities protected by the FLSA;

    b.      Declaring that Defendants violated 29 U.S.C. § 215;

    c.      Awarding Plaintiff, WILLIAMS, back pay and front pay (through age 65), respectively, in the amount calculated;

    d.      Awarding Plaintiff liquidated damages in the amount calculated;

    e.      Awarding Plaintiff post-judgment interest;

f.  Awarding Plaintiff compensatory damages for emotional pain, suffering and humiliation;

g.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to the FLSA;

h.  Ordering reinstatement, and injunctive relief preventing Defendants from discriminating in the manner described above; and,

i.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff's demand trial by jury on all issues so triable as of right by jury.

Dated:  May 26, 2020.

                Respectfully submitted,

                BOBER & BOBER, P.A.
                Attorneys for Plaintiff
                2699 Stirling Road, Suite A-304
                Hollywood, Florida  33312
                Telephone: (954) 922-2298
                Facsimile: (954) 922-5455
                peter@boberlaw.com
                samara@boberlaw.com

                By: *s/.  Peter Bober, Esq.*
                      PETER J. BOBER
                      FBN: 0122955
                      SAMARA ROBBINS BOBER
                      FBN: 0156248